# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JENNIFER M. HATTON, | : | Case No. 3:20-cv-004 |
| | : | |
| Plaintiff, | : | Magistrate Judge Sharon L. Ovington |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

## I.  <u>Introduction</u>

Plaintiff Jennifer M. Hatton brings this case challenging the Social Security Administration's most recent denial of her application for Supplemental Security Income (SSI), which she filed in August 2014.  Her claim was denied initially and upon reconsideration.  After a hearing at Plaintiff's request, Administrative Law Judge (ALJ) Eric Anschuetz concluded she was not eligible for benefits because she is not under a "disability" as defined in the Social Security Act.  The Appeals Council denied Plaintiff's request for review, and she filed an action before this Court.  Upon review, this Court vacated the ALJ's decision and remanded the case for further administrative proceedings.

On remand, a second hearing was held before the ALJ.  After the second hearing, ALJ Gregory Kenyon similarly concluded that Plaintiff was not under a "disability" as

defined in the Social Security Act. Plaintiff then filed the present action. She now seeks a remand for benefits, or in the alternative, for further proceedings. The Commissioner asks the Court to affirm the ALJ's non-disability decision.

This case is before the Court upon Plaintiff's Statement of Errors (Doc. No. 7), the Commissioner's Memorandum in Opposition (Doc. No. 11), Plaintiff's Reply (Doc. No. 14), and the administrative record (Doc. No. 6).

## II.    Background

Plaintiff asserts that she has been under a disability since January 8, 2006. At that time, she was thirty-five years old. Accordingly, she was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 416.963(c). She has a limited education.

The evidence of record is sufficiently summarized in the ALJ's decision (Doc. No. 6-9, PageID 818-27), Plaintiff's Statement of Errors (Doc. No. 7), the Commissioner's Memorandum in Opposition (Doc. No. 11), and Plaintiff's Reply (Doc. No. 14). Rather than repeat these summaries, the Court will focus on the pertinent evidence in the discussion below.

## III.    Standard of Review

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986); *see* 42

U.S.C. § 1382(a). The term "disability"—as defined by the Social Security act—has specialized meaning of limited scope. It encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing a significant paid job—i.e., "substantial gainful activity," in Social Security lexicon. 42 U.S.C. §§ 1382c(a)(3)(A)-(B); *see Bowen*, 476 U.S. at 469-70.

Judicial review of an ALJ's non-disability decision proceeds along two lines: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Review for substantial evidence is not driven by whether the Court agrees or disagrees with the ALJ's factual findings or by whether the administrative record contains evidence contrary to those factual findings. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Instead, the ALJ's factual findings are upheld if the substantial-evidence standard is met—that is, "if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakely*, 581 F.3d at 407 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance…" *Rogers*, 486 F.3d at 241 (citations and internal quotation marks omitted); *see Gentry*, 741 F.3d at 722.

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009); *see Bowen*, 478 F.3d at 746. "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting in part *Bowen*, 478 F.3d at 746, and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## IV.   <u>The ALJ's Decision</u>

As noted previously, ALJ Kenyon was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, ALJ Kenyon considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

Step 1:      Plaintiff did not engage in substantial gainful employment since August 20, 2014, her application date.

Step 2:      She has the severe impairments of lumbosacral degenerative disc disease, an anxiety disorder, depression, and a history of polysubstance abuse.

Step 3:      She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:      Her residual functional capacity (RFC), or the most she could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d

4

235, 239 (6th Cir. 2002), consists of light work, "subject to the following additional limitations: (1) frequent stooping and climbing of ramps and stairs; (2) no climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no operation of automotive equipment; (5) limited to performing unskilled, simple, repetitive tasks; (6) occasional superficial contact with co-workers and supervisors (superficial contact is defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but as lacking the ability to engage in more complex social interactions such as persuading other people or resolving interpersonal conflicts); (7) no public contact; (8) no fast paced production work or jobs which involve strict production quotas; (9) limited to performing jobs which involve very little, if any, change in the job duties or the work routine from one day to the next; and (10) no occupational exposure to drugs or alcohol."

Step 4:     Plaintiff has no past relevant work.

Step 5:     Plaintiff could perform a significant number of jobs that exist in the national economy.

(Doc. No. 6-9, PageID 820-27). Based on these findings, the ALJ ultimately concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 827.

## V.  __Discussion__

Plaintiff presently challenges the ALJ's assessment of the medical opinions rendered by her treating psychiatrists, Dr. Ellen Ballerene and Dr. Mariella Toca. She argues that these assessments are not supported by substantial evidence.

Social Security Regulations require ALJs to generally extend "greater deference…to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers*, 486 F.3d at 242. The

5

Commissioner must afford controlling weight to a treating physician opinion when it is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) not inconsistent with the other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)).

If the opinion is not controlling, then the ALJ must consider the regulatory factors, which include "the length, frequency, nature, and extent of the treatment relationship as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence." *Id*. (citing 20 C.F.R. § 404.1527(c)(2)-(6)). Additionally, in discounting the weight given to a treating physician opinion, the ALJ must provide "good reasons" that are "supported by the evidence in the case record." *Id*. (citing Soc. Sec. Rul. No. 96-2p, 1996 SSR LEXIS 9 at *12, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). This "clear procedural requirement" certifies "that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *5).

Plaintiff argues that, as in her previous case, the assessment of Dr. Ballerene's opinion is unsupported by substantial evidence. In her case that was formerly before the Court, there were several issues with the ALJ's assessment of Dr. Ballerene's opinion. More specifically, the Court found that the ALJ did not explain why he rejected the limitations set forth in the treating psychiatrist's opinion. Likewise, the Court determined

that the ALJ failed "to specifically mention the concept of controlling weight, analyze the controlling weight factors, or specifically decline to give [Dr. Ballerene's] opinion controlling weight." *Hatton v. Comm'r of Soc. Sec.*, 3:18-cv-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018) (Newman, M.J.), report and recommendation adopted, 2018 WL 5084758, at *1 (S.D. Ohio Oct. 18. 2018) (Rose, D.J); (Doc. No. 6-10, PageID 894).

But this differs from the present case. Dr. Ballerene's opinion, which was afforded minimal weight here, was specifically assessed for controlling weight and the assessment of her opinions is supported by substantial evidence. (Doc. No. 6-9, PageID 826). Dr. Ballerene's opinion was not afforded controlling weight because her opinions were inconsistent. The ALJ explained that her "conclusions that [Plaintiff] is disabled from all work activity due to absenteeism, time off task, or other marked level limitations are not consistent with [her] treatment records from Samaritan Behavioral Health or elsewhere." *Id.* at 825. He noted that "records show intact mental status exam findings with adequate concentration, full contact with reality, and a cooperative demeanor." *Id.* at 825-26.

These findings are supported by substantial evidence. Plaintiff regularly presented to Dr. Ballerene with appropriate affect. (Doc. No. 6-8, PageID 693, 699, 707, 718, 726, 734, 744, 753, 762, 775, 788, 800, 809). Her concentration and attention ranged from variable to adequate. *Id.* Her mood varied between "good," "very anxious," "a little sad," "aggravated and nervous," or "depressed." *Id.* She sometimes had passive suicidal ideation, but told Dr. Ballerene that she "could never do it to her kids." *Id.* On mental

status exam, Dr. Ballerene regularly observed adequate insight and judgment, cooperative behavior, and linear, logical, coherent, and goal-directed thought process. *Id.*

Plaintiff highlights certain medical evidence to support her assertion that Dr. Ballerene's opinions were consistent with the evidence of record. Plaintiff cites to evidence that "she had experienced seizure-like episodes the previous two nights after coming off Xanax," and that she was experiencing panic attacks as well as nervousness and anxiety at work. (Doc. No. 7, PageID 1537). However, her arguments are unpersuasive. For instance, while Dr. Ballerene's records reflect that Plaintiff reported seizure-like episodes, reliance on this evidence is somewhat misleading. (Doc. No. 6-8, PageID 761). Dr. Ballerene further noted that Plaintiff's dosage level should not produce seizures. *Id.* Nevertheless, Dr. Ballerene told her to go to the ER, but Plaintiff "did not go to the ER," and instead reported she did not believe she was having seizures. *Id.*

Further, beyond the controlling weight assessment, the ALJ also properly considered several applicable regulatory factors in deciding whether to assign her opinion deferential or other significant weight. He recognized that Dr. Ballerene had been treating Plaintiff for an extended period, and that Plaintiff's "mental health falls squarely within her area of medical specialization." (Doc. No. 6-9, PageID 826). He also addressed the factors of supportability and consistency—ultimately finding that these factors do not weigh in favor of affording more than minimal weight to Dr. Ballerene's opinions. *Id.* For instance, he explained that Plaintiff's mental status exams "show largely intact mental

8

functioning with no delusional or psychotic behavior" and that while the "records describe low-level symptoms of anxiety and depression along with some panic attacks," the records "are not indicative of the marked level limitations" in Dr. Ballerene's opinion.  *Id.*  This aspect of the ALJ's assessment is also supported by substantial evidence.

Plaintiff's remaining assertions as to Dr. Ballerene's opinions are unavailing.  She also argues that "other sporadic notes cited by the ALJ in other parts of his written decision are mostly from <u>before</u> [her] SSI application date of August 20, 2014 (*see, e.g.*, ID 824), and thus are not particularly relevant to the instant appeal."  (Doc. No. 7, PageID 1537). Indeed, the ALJ does reference some evidence from August 2013 and October 2013 in his decision, but the primary purpose of these references was seemingly to recount her "history of anxiety and depression."  (Doc. No. 6-9, PageID 823).  There is no indication that the ALJ relied on these records in weighing Dr. Ballerene's opinion.  Furthermore, despite her concern with reference to previous records, Plaintiff chose to rely on evidence that pre-dates her application in support of her position that Dr. Ballerene's opinion was improperly weighed.  (Doc. No. 6-7, PageID 378, 389, 402, 417, 434, 444-45, 452-53, 462).

Plaintiff also briefly challenges the assessment of Dr. Toca's treating source opinion, and argues that her opinion is not inconsistent with Dr. Ballerene's opinions.  Dr. Toca's opinion was afforded "little weight" because her "one-line statement" lacked "any specific functional limitations."  (Doc. No. 6-9, PageID 826).  Her opinion included a listing of Plaintiff's medical conditions, problem history, and medications.  (Doc. No. 6-

14, PageID 1248).  Dr. Toca then simply concluded that Plaintiff "experiences depressed mood with little motivation and lack of interest in activities she used to enjoy" and that her "appetite and sleep are affected when she experiences depressed moods." *Id.* at 1249.

Dr. Toca's treating source opinion is conclusory and does not describe Plaintiff's abilities in any tangible way, so it was reasonable to afford her opinion "little weight." And, given its conclusory nature, it is difficult to compare this opinion to the other evidence of record, including Dr. Ballerene's opinion.  Accordingly, the undersigned finds that the assessment is supported by substantial evidence and that no error occurred in assessing her opinion.  Nevertheless, even if the terse assessment of Dr. Toca's opinion amounted to error, the ALJ's failure to perform a more robust analysis would be harmless under *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).  The court in *Wilson* described several *de minimis* violations of 20 CFR § 404.1527(d)(2) that may constitute harmless error such as when a treating source opinion is "so patently deficient the Commissioner could not possibly credit it…" *Id*. at 547.  Dr. Toca's opinion would meet this threshold.

For these reasons, Plaintiff's Statement of Errors is not well-taken.

## IT IS THEREFORE ORDERED THAT:

1. The Commissioner's non-disability determination be **AFFIRMED**; and

2. The case be terminated on the Court's docket.

September 30, 2021          *s/Sharon L. Ovington*
                                            Sharon L. Ovington
                                            United States Magistrate Judge